EXHIBIT 1

# EXHIBIT 1

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT – MOTOR VEHICLE TORT – CONTRACT –
EQUITABLE RELIEF – OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 2482 CV 00034

CARETTE Young, Plaintiff(s)

v.

JP MORGAN CHASE BANK N.A. Defendant(s)

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon DONALD C KUPPERSTEIN plaintiff's attorney, whose address is 784 Foundry ST South Easton, MA 02375 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Michael D. Ricciuti, Esquire    }, at _____ the _____

day of _____, in the year of our Lord two thousand and _____

_____ Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .........................................., 20      , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

..............................................................................................................................................

..............................................................................................................................................

..............................................................................................................................................

Dated:                          , 20      ...............................................................................

**N. B.   TO PROCESS SERVER:-**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON**
**DEFENDANT.**

|  |
|---|
| , 20 |

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                        SUPERIOR COURT
                                                    CIVIL ACTION
                                                    NO.

........................., *Plaintiff*

v.

........................., *Defendant*

SUMMONS

(Mass. R. Civ. P. 4)

DONALD C. KUPPERSTEIN
Attorney at Law
704 Foundry Street
South Easton, Massachusetts 02375
(508) 239-0583
dkupperstein@gmail.com


March 13, 2024


President
JPMorgan Chase Bank, N.A.
1111 Polaris Pkwy
Columbus, OH 43240


RE:  Service of Process


Dear President,

Enclosed herewith please find a summons and amended complaint served hereby upon your National Association by certified mail.  A copy of the original complaint and my notice of appearance are also enclosed.

Thank you in advance for your anticipated prompt attention to this matter.


Very truly yours

/s/ Donald C. Kupperstein


cc:  Client

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

NORFOLK SUPERIOR COURT
Civil Action No.: <u>2482CV00034</u>

CARETTE YOUNG          )
      Plaintiff          )
              )          CARETTE'S FIRST AMENDED COMPLAINT
v.          )          AND DEMAND FOR TRIAL BY JURY
              )
JPMORGAN CHASE BANK, N.A. )
      Defendant          )

## INTRODUCTION

This is an action brought by Carette Young ("Carette") against JPMORGAN CHASE BANK, NA. ("Chase") for emotional and psychological abuse of an elderly person; and for financial exploitation of an elderly person.  Financial Exploitation of the elderly is a crime in Massachusetts, but there is no private right to redress.   A victim of the exploitation seeks redress by suing the fraudster for its unfair and deceptive acts and practices in trade or commerce.   Carette seeks  damages, treble damages and counsel fees pursuant to M.G.L. c. 93A, §§ 2 and 9, the Massachusetts Consumer Protection Act.

## PARTIES

1.      Plaintiff  Carette Young ("Carette") is a Massachusetts citizen living in Weymouth, Norfolk County, Massachusetts.

2.      Defendant JCMORGAN CHASE Bank, N.A  (Chase"), is a National Association with a principal place of business at 3415 Vision Drive, Columbus, Ohio 43219.

1

## JURISDICTION AND VENUE

3.      Jurisdiction is appropriate in this court, because the amount in controversy exceeds $25,000.00

and the Plaintiff lives in Norfolk County.   Venue is appropriate because Chase sued Carette in Norfolk

Superior Court on March 17, 2020, thereby waiving any protection regarding venue that National

Associations might enjoy under federal law.

## FACTS

4.      On March 17, 2020, Chase sued Carette in Norfolk County Court Case No. 2082CV000312.

5.      In that suit, Chase let slip that it had materially falsified a promissory note.

6.      The effect of the falsification was to make it appear that Carette's mother personally owed

money to Chase.

7.      Carette's mother, as trustee of a true discretionary trust applied to Chase to refinance the trust's

mortgage loan. Chase approved the trust's loan request in May, 2006. When closing papers were

prepared, a copy of an unexecuted promissory note and of the mortgage were sent to Carette's mother.

A few days later, a notary public appeared at her home to obtain her signature on several documents,

which included the aforementioned note and mortgage, and a trustee's certificate. After Carette's

mother signed the documents on behalf of the trust, the notary took the signed and witnessed

documents with him.

8.      To defraud Carette's mother, Chase forged the mother's name on the promissory note.

The mortgage and the trustee's certificate were recorded with the Norfolk County Registry of Deeds on

June 26, 2006.  The promissory note was not recorded; and no copy of the now-falsified promissory

note was sent to Carette's mother.   Carette's mother had no opportunity to know that Chase had

falsified the promissory note by adding her name to the promissory note.  This falsification made it

2

appear that Carette's mother was personally liable on the mortgage debt.  In truth, Carette's mother was never personally obligated to Chase and never intended to be personally obligated to Chase.

9.       In 2006, when the falsification apparently occurred, Carette's mother was 96 years old.

10.      Chase kept secret what it had done until March 17, 2020.

11.      After Carette's mother passed away in 2009, Chase aggressively sought to collect on the falsified debt instrument from Carette's mother; from Carette's mother's probate estate; and ultimately, from Carette.

12.      Carette had no way to know that her mother's name had been forged by Chase until March 17, 2020.  That is when Chase admitted that the promissory note had been falsified.

13.      In answering Chase's March 17, 2020 law suit against her, Carette defended by stating that Chase had materially falsified the promissory note document, and that no law suit can be brought on the basis of a falsified document.

14.      The gist of Chase's argument was that even though it had falsified the promissory note, it was too late now for Carette to complain about it.   It was beyond the Statute of Limitations….the time when an injured or defrauded party can sue.

15.      Under Massachusetts law, the clock begins to run on the Statute of Limitations when the injured party, Carette, first discovers or should have discovered the fraudulent conduct.

16.      There is no way that Carette or her mother could had known about the falsified promissory note before January 12, 2020; and Carette did not know about the falsified promissory note prior to March 17, 2020.

18.      Chase hid the truth from her; and, apparently, hiding the truth was an intentional, knowing and willful act committed in bad faith by Chase..

3

19.    Chase sent Carette a series of documents which falsely stated that Chase had rights against Carette's mother; against the probate estate of Carette's mother, and, if Carette would not pay her mother's debt, Chase would take Carette's house.

20.    Carette is more than 80 years old.

21.    Massachusetts recognizes the vulnerability of elderly persons to scams and other attempts to defraud them.

22.    Massachusetts passed some laws and created an Executive Office of Elder Affairs specifically to protect the elderly from elder abuse and financial exploitation such as Chase has employed against Carette.

## COUNT I – EMOTIONAL ABUSE

23.    Carette repeats the allegations set forth in prior paragraphs as if fully set forth herein.

24.    Chase emotionally and psychologically abused Carette.

25.    Emotional Abuse of elders is defined by the Commonwealth of Massachusetts as:

26.        "Any intentional act or omission, including but not limited to verbal abuse, confinement, isolation, humiliation, intimidation or any other act or omission that:

       (a) results in significant harm to the emotional state, decisional capacity or functional capacity of an elder; or

       (b) creates a reasonable risk of significant harm to the emotional state, decisional capacity or functional capacity of an elder."

27.    Challenging elders to the point of breaking them psychologically, mentally, or emotionally is called psychological abuse and harassment of elders.

28.    Many victims of psychological harassment suffer from physical ailments, irritability, anxiety, nervousness, insomnia, stress, fatigue, depressive states, and burnouts.

## COUNT II – FINANCIAL EXPLOITATION

29.   Carette repeats the allegations set forth in prior paragraphs as if fully set forth herein.

30.   Chase financially exploited Carette.

31.   Financial Exploitation is defined by the Commonwealth of Massachusetts as

> "An intentional act or omission by another person, without the consent of the elder, which causes substantial monetary or property loss to the elder or substantial monetary or property gain to the other person which gain would otherwise benefit the elder, but for the act or omission of the other person. Financial exploitation may result from consent obtained as a result of misrepresentation, undue influence, coercion or threat of force by the other person...."

32.   In 2023, Carette wrote a letter to Chase  (sometimes called a 93A Demand Letter) to give Chase an opportunity to make a reasonable offer of settlement before she would bring this lawsuit.

33.   Chase failed or refused to make a reasonable offer.

34.   The time for making a reasonable offer having expired, Carette brings this suit to be compensated for the injury to her directly and foreseeably resulting from Chase's conduct.

35.   A true and accurate copy of the Demand Letter and a true and accurate copy of Chase's response are attached to this Complaint and are made a part hereof.

36.   Carette suffered injury directly attributable to Chase's falsification of a promissory note and Chase's subsequent acts to collect upon said falsified promissory note, and through false statements made by Chase subsequent to falsification of the promissory note.

37.   That injury includes but is not limited to loss of sleep, anxiety, depression, fatigue, confusion, nervousness, distrust of others, and paranoia.

38.   This court and/or a jury have reasonable cause to believe Carette.

39.   Massachusetts law defines such reasonable cause to believe as:

5

"A basis for judgment that rests on specific facts, either directly observed or obtained from reliable sources, that supports a belief that it is more probable than not that a particular event took place or a particular condition exists." 561 CMR 5.02

40.    Carette has asked the Executive Office of Elder Affairs to investigate what Chase did, and to assess, qualify and quantify her injuries attributable to Chase's conduct.

## COUNT III – FRAUD BY UTTERING

41.    Carette repeats the allegations set forth in prior paragraphs as if fully set forth herein.

42.    "Uttering" means attempting to pass in circulation a worthless document as genuine.

43.    Uttering is a crime in Massachusetts.  Specifically, "Whoever, with intent to injure or defraud, utters and publishes as true a false, forged or altered promissory note, knowing the same to be false, forged or altered, shall be punished . . . ." G.L 267, Section 5.

44.    Four things need to be proven:

First: That the defendant passed or attempted to pass as true and genuine a promissory note;

Second: That the promissory note was materially altered or falsified;

Third: That the defendant knew it was materially altered or falsified; and

Fourth: That the defendant passed or attempted to pass it with the specific intent to injure or defraud someone.

45.    On February 12, 2024, Carette received mail from Chase letting her know that Chase was going to use a law which allows Chase to auction off her home without getting a court order to do so.

46.    The letter, eleven pages long, was to let her know that the basis for Chase's action was the same falsified promissory note that Carette had discovered on March 17, 2020.

6

47.     A true and accurate copy of the eleven page letter is attached to this Verified Complaint and is made a part hereof.

48.     On March 6, 2024, Chase held a foreclosure auction of Carette's home in Weymouth..

49.     At the auction, Chase bought Carette's home for $459,200.00.

50.     Carette has reported these events to the Weymouth Police Department and has asked that the Weymouth Police Department inform the Norfolk County District Attorney regarding these events.

51.     Carette believes and therefor avers that by the act of materially altering a promissory note, Chase became the promissor; and that by material falsification of a negotiable instrument with the intention to defraud, according to Chapter 106, Section 3-407 of the Massachusetts General Laws, Chase, the forger, became the borrower.

52.     Carette was further tormented, and thereby further injured by this latest attempt by Chase to defraud her, to take away her home, to hold her personally accountable for money she did not and does not owe; and to publish a promissory note as being genuine when Chase clearly knew it to be a falsified document, and to harass her and bully her into submission, all in an attempt to injure and defraud her.

WHEREFORE Carette prays that this honorable court and/or a jury will compensate her for the injuries she sustained in an amount no less than $459,200.00 (the amount her home sold for at auction); to treble said amount and to award her reasonable attorneys fees;

to order Chase to stop trying to take away her home through foreclosure or otherwise;

to recognize and decide that by the act of materially altering a promissory note, Chase became the promissor and material falsification of a negotiable instrument with the intention to defraud puts Chase alone in the position of being the borrower obligated to pay the debt;

and for such other and further relief this court and/or a jury deems appropriate, mete, and just.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

Carette Young

by her attorney

/s/ Donald C. Kupperstein

Donald C. Kupperstein
BBO No. 543688
704 Foundry Street
South Easton, MA 02375
(508) 239-0583
dkupperstein@gmail.com

Dated:  March 8, 2024

8

**93A DEMAND LETTER**

**CARETTE YOUNG**
40 Homestead Avenue
Weymouth, MA 02188

By Certified Mail and Regular Mail

July 24, 2023

JPMorgan Chase Bank, N.A.
3415 Vision Drive
Columbus, OH 43219

Dear Sirs:

This is a formal demand letter sent to you pursuant to M.G.L. c. 93A, Section 2, 9, and 11.

You ("Chase") filed an action on March 16, 2020 in Norfolk Superior Court pursuant to G.L. c. 231 A §§ 1-9 to obtain a Declaratory Judgment to expunge a 2017 recorded Affidavit that I filed with the Norfolk County Registry of Deeds. Norfolk County Superior Court Docket # 2082CV00312. I filed the Affidavit in order to clarify title.

You sought this relief because I challenged your right to enforce the mortgage encumbering the property located at 40 Homestead Avenue, Weymouth, MA 02188 (the "Property") through foreclosure sale. I challenged your purported right because the mortgage had been discharged on April 11, 2014.

You sought and obtained an order declaring my affidavit null and void.

I sued you in Massachusetts Land Court to enjoin your efforts to foreclose my interest in the Property because said mortgage was discharged on April 11, 2014.

Your attempts to foreclose by Power of Sale contained in a discharged mortgage is wrongful.

Worse yet, you engaged in elder abuse by financial exploitation of me violative of Section 14 of Chapter 19A of the Massachusetts General Laws.

"Financial exploitation" is defined as an act or omission by another person, which causes a substantial monetary or property loss to an elderly person, or causes a substantial monetary or property gain to the other person, which gain would otherwise benefit the elderly person but for the act or omission of such other person; provided, however, that such an act or omission shall not be construed as financial exploitation if the elderly

Page -2-

person has knowingly consented to such act or omission unless such consent is a consequence of misrepresentation, undue influence, coercion or threat of force by such other person; and, provided further, that financial exploitation shall not be construed to interfere with or prohibit a bona fide gift by an elderly person or to apply to any act or practice in the conduct of any trade or commerce declared unlawful by section two of chapter ninety-three (93) A."

"Elder abuse" is defined as an intentional act or the failure to act that causes or creates a risk of harm to an older adult aged 60 or over. According to statistics from the Department of Justice, at least 10 percent of the population over age 60 have experienced some form of abuse. Usually, the abuse occurs at the hands of a family member, caregiver, or a person the older adult trusts. The trauma of elder abuse can result in premature death, the deterioration of physical and mental health, destruction of social and family ties, and devastating financial loss. Elderly women, and those over age 80, are more likely to be victimized.

As you can see, elder abuse through financial exploitation is one of the acts and/or practices which are declared unlawful by Section 2 of Chapter 93A of the Massachusetts Statutes which declares unfair methods of competition and unfair or deceptive act or practices in the conduct of any trade or commerce unlawful.

I have suffered loss of money or property due to fending off your unconscionable assault on me over the years.

This letter serves as demand for the following relief: Recognize that you have wrongly and wrongfully pursued me. Either agree to the relief demanded or send me a reasonable offer of settlement within thirty days (30) of receipt of this letter.

I intend to amend my lawsuit against you in Massachusetts Land Court thirty days (30) after you receive this letter if you fail to respond with a reasonable offer to settle this matter. The amendment will seek treble damages, an award of reasonable attorney's fees, and other suitable relief available by the Consumer Protection statute and otherwise.

For any questions or concerns, please contact the undersigned at the address as given.

Thank you for your kind attention to this matter.

Very truly yours,

/s/ Carette Young
Carette Young

**RESPONSE TO DEMAND LETTER**

 GreenbergTraurig

Anne V. Dunne
Tel (617) 310-5207
Fax (617) 310-6001
Anne.dunne@gtlaw.com

August 23, 2023

**VIA UPS**
Carette Young
40 Homestead Avenue
Weymouth, Massachusetts 02188

Re:     Demand under Chapter 93A

Dear Ms. Young:

This firm represents JP Morgan Chase Bank, N.A. ("**Chase**") in connection with your letter, dated July 24, 2023, and received July 28, 2023, in which you assert JPMC violated Massachusetts General Laws Chapter 93A, Sections 2, 9 and 11 ("**Chapter 93A**") ("**Demand Letter**"). This letter responds to the Demand Letter.

As we understand the Demand Letter, you assert Chase violated Chapter 93A by 1) attempting to foreclose upon the Mortgage and 2) engaging in financial exploitation of an elderly person. The Demand letter alleges, "the [M]ortgage had been discharged on April 11, 2014." Along these same lines, you claim Chase's "attempts to foreclose by Power of Sale contained in a discharged [M]ortgage is wrongful." Throughout the Demand letter, you chronicle your attempts to challenge the enforcement of the Mortgage, despite agreeing [in a settlement agreement] to not impede any future foreclosure.

Your recitation of the facts ignores the more than ten-year litigation history between the parties. The settlement agreement ("Settlement Agreement") executed in connection with the Norfolk Superior Court Docket No. 1282CV0277 ("First Litigation") is fatal to your purported 93A claim, as noted by the Norfolk Superior Court in its ruling on Chase's motion for summary judgment in Docket Number 2082CV00312 ("Second Litigation"). Specifically, the Court held that you:

> entered into a binding Release and Settlement Agreement with Plaintiff ("Settlement") no later than January 2016, that finally resolved any and all claims [you] may have with respect to the subject property (the "Property") and/or any loan or mortgage on the Property. [You] expressly agreed, as part of that Settlement, to vacate the Property within ninety days and not interfere in any way with [Chase]'s anticipated foreclosure sale. [You] promptly breached the Settlement by refusing to vacate the Property (after pocketing [Chase]'s cash settlement payment), and later by filing an affidavit with the Registry of Deeds under G.L. c. 183 Sec. 5B, that was designed to create a cloud on title to the Property and thereby block a foreclosure sale. [Chase] is entitled to enforce the terms of the Settlement by way of this action, which was timely filed (see G.L.

August 23, 2023
Page 2

c.260 sec 2, and Mass. R.Civ. P. 15(c)), and to received [sic] a declaratory judgment nullifying [your] G.L. c. 183 sec. 5B affidavit.

You further claim that you "suffered loss of money or property due to fending off [Chase]'s assault on [you] over the years." This is false. Rather than "suffering" a loss of money, you actually experienced a windfall (as noted by the Norfolk Superior Court) when you "pocketed" settlement funds from Chase in exchange for dismissal of the First Litigation. Notably absent from your letter is any mention of a single concrete actual harm suffered to date, let alone a dollar figure.

You purport to allege a claim under Chapter 93A, Section 9, which affords a person "injured" by an unfair or deceptive act or practice a private right of action. Therefore, you will need to satisfy Sections 2 and 9 to assert a viable claim. A claimant—like yourself—needs to prove that the conduct at issue was unfair or deceptive, which you will not be able to do. In executing the Settlement Agreement, you agreed that Chase not only had the right to foreclose, but also that you would not impede any future attempts at foreclosure. You cannot now base a 93A claim on Chase exercising a right to which you expressly agreed.

To demonstrate a cognizable injury under Section 9, you would need to allege and prove you suffered a "distinct injury or harm" arising directly from the claimed unfair or deceptive act. You do not allege a single distinct injury or harm. Speculative damages are insufficient to support a claim under Section 9. You have failed to allege recoverable damages.

As you may be aware, the purpose of Section 9's demand letter and response process is to foster a reasoned settlement offer, if appropriate. As a result, a recipient of a demand letter should investigate the facts and consider legal precedent to determine whether or not to make a settlement offer. Based upon a review of the facts and precedent, your Demand Letter does not contain an actionable violation of 93A. Specifically, your 93A claim ignores both the Settlement Agreement and the Norfolk Superior Court's Order and Judgment ordering that the Mortgage is enforceable and expunging your Affidavit. Also fatal to your claim, is your failure to allege actual damages.

We don't believe there is any basis for settlement, monetary or otherwise.

Sincerely,

Anne V. Dunne

CHASE'S ELEVEN PAGE LETTER

Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA 02461



**USPS CERTIFIED MAIL**

9214 8902 2003 7201 6304 87



Carette Young
40 Homestead Avenue
Weymouth, MA 02188

2010041643 F

rec'd 2/5/24
odd pgs only
Even #'s Blank

2722
1 of

643

# HARMON LAW OFFICES, P.C.

150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458
TEL: (617) 558-0500
FAX: (617) 244-7304
Business Hours: Monday-Friday 8:00 AM to 5:30 PM

*SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND*

January 29, 2024

## NOTICE OF MORTGAGE FORECLOSURE SALE

RE:     JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC

Pursuant to Massachusetts General Laws, Chapter 244, section 14, as amended, enclosed is a copy of the Notice of Mortgagee's Sale of Real Estate.

This notice is provided to you because an examination of the record title shows that you hold an interest of record.

If you want to reinstate or payoff the mortgage, you may order a reinstatement or payoff 24 hours a day on-line by going to www.hloreinstatement.com or to www.hlopayoff.com. Please follow the instructions contained on the web page. Please note that only requests made by owners, borrowers, mortgagors and authorized parties will be processed. You may also contact us during business hours to request a reinstatement or payoff by calling (617) 558-0598. When completing the on-line form or when calling our office, please reference your Case Number 2010041643, so that we may process your request more quickly.

Our experience has shown us that you are likely to benefit if you allow qualified bidders at the foreclosure sale to enter and inspect the premises. This may result in a higher purchase price. If you are willing to allow qualified bidders to enter and inspect the premises, please be present at the time of the foreclosure sale.

JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC
Present holder of the mortgage
By its Attorney,

*Harmon Law Offices, P. C.*
Enclosure



Addressee: Carotte Young

## NOTICE OF MORTGAGEE'S SALE OF REAL ESTATE

By virtue and in execution of the Power of Sale contained in a certain mortgage given by Carol M W Young, aka Carol M.W. Young, Trustee of the Carol Young Revocable Trust to JPMorgan Chase Bank, N.A., dated June 21, 2006 and recorded in the Norfolk County Registry of Deeds in Book 23807, Page 559 and as affected by a judgment dated June 6, 2023 and recorded with said Registry on June 22, 2023, in Book 41261, Page 528, of which mortgage the undersigned is the present holder, by assignment from:

JPMorgan Chase Bank, N.A. to Chase Home Finance LLC, recorded on August 20, 2010, in Book No. 27940, at Page 286

for breach of the conditions of said mortgage and for the purpose of foreclosing, the same will be sold at Public Auction at 10:00 AM on March 6, 2024, on the mortgaged premises located at 40 Homestead Avenue, Weymouth, Norfolk County, Massachusetts, all and singular the premises described in said mortgage,

TO WIT:
A certain parcel of land with the buildings and improvements thereon situated in Weymouth, Norfolk County, Massachusetts, being the Northerly half of Lot 13 on Plan entitled, "Hitchings Homesteads, Plan of Lots in Weymouth, Mass. dated December 26, 1937, Russell H. Whiting, C.E." recorded with Norfolk Deeds, Book 2170, Page 107, and also shown as Lot 13A on a revised plan of Hitchings Homestead, dated March 4, 1938, recorded with Norfolk Deeds, Book 2180, end, and bounded and described as follows:
NORTHERLY by Homestead Avenue, 184.23 feet;
NORTHEASTERLY by a curved line at the junction of Homestead Avenue and Hitchings Street, 24.31 feet;
EASTERLY by Hitchings Street, 84.23 feet;
SOUTHERLY by the remaining portion of Lot 13, as shown on said plan, 200 feet; and
WESTERLY by land now or formerly of Susan R. Worthen, as shown on said plan, 100 feet.
Containing 19,921 Square feet of land, more or less.

For mortgagor's title see deed recorded with Norfolk County Registry of Deeds in Book 13851, Page 325.

These premises will be sold and conveyed subject to and with the benefit of all rights, rights of way, restrictions, easements, covenants, liens or claims in the nature of liens, improvements, public assessments, any and all unpaid taxes, tax titles, tax liens, water and sewer liens and any other municipal assessments or liens or existing encumbrances of record which are in force and are applicable, having priority over said mortgage, whether or not reference to such restrictions, easements, improvements, liens or encumbrances is made in the deed.

TERMS OF SALE:

A deposit of Ten Thousand  ($10,000.00) Dollars by certified or bank check will be required to be paid by the purchaser at the time and place of sale.  The balance is to be paid by

certified or bank check at Harmon Law Offices, P.C., 150 California St., Newton, Massachusetts 02458, or by mail to P.O. Box 610389, Newton Highlands, Massachusetts 02461-0389, within thirty (30) days from the date of sale. Deed will be provided to purchaser for recording upon receipt in full of the purchase price. The description of the premises contained in said mortgage shall control in the event of an error in this publication.

Other terms, if any, to be announced at the sale.

JPMORGAN CHASE BANK, N.A., SUCCESSOR
BY MERGER TO CHASE HOME FINANCE LLC
Present holder of said mortgage

By its Attorneys,
HARMON LAW OFFICES, P.C.
150 California St.
Newton, MA 02458
(617)558-0500
2010041643

*Rec'd 2/6/24   2/2 page*
*odd pgs only Even #'s*
*Blank*

272?
1 of

Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA 02461

Carette Young, Executrix for the Estate of Carol Young a/k/a Carol M W Young a/k/a Carol M.W.
Young
40 Homestead Ave
2010041643 F   Weymouth, MA  02188-2114



USPS FIRST-CLASS MAIL

2100 0902 2003 7201 5784 92

43

# HARMON LAW OFFICES, P.C.

150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458
TEL: (617) 558-0500
FAX: (617) 244-7304
Business Hours: Monday-Friday 8:00 AM to 5:30 PM

*SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND*

272;
3 of

January 29, 2024

## NOTICE OF MORTGAGE FORECLOSURE SALE

RE:     JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC

Pursuant to Massachusetts General Laws, Chapter 244, section 14, as amended, enclosed is a copy of the Notice of Mortgagee's Sale of Real Estate. Also enclosed is a Deficiency Notice.

This notice is provided to you because an examination of the record title shows that you hold an interest of record.


JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC
Present holder of the mortgage
By its Attorney,

*Harmon Law Offices, P. C.*
Enclosure

## PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.



1643

Addressee: Carette Young, Executrix for the Estate of Carol Young a/k/a Carol M W Young a/k/a Carol M.W. Young

# HARMON LAW OFFICES, P.C.

150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458
TEL: (617) 558-0500
FAX: (617) 244-7304
Business Hours: Monday-Friday 8:00 AM to 5:30 PM

*SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND*

January 29, 2024

## NOTICE OF INTENTION TO FORECLOSE MORTGAGE AND OF DEFICIENCY AFTER FORECLOSURE OF MORTGAGE

RE:     JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC

You are hereby notified, in accordance with the statute, of the intention of JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC, on or after March 6, 2024, to foreclose by sale under power of sale for breach of conditions, the mortgage held by it on property situated at 40 Homestead Avenue, Weymouth, Massachusetts 02188, said mortgage dated June 21, 2006, and recorded in the Norfolk County Registry of Deeds in Book 23807, Page 559 and as affected by a judgment dated June 6, 2023 and recorded with said Registry on June 22, 2023, in Book No. 41261, at Page 528 said mortgage given to secure a note signed by you, for the whole or part of which you may be liable to JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC in case of a deficiency in the proceeds of the foreclosure sale.

No deficiency after the foreclosure sale may be pursued if you have obtained or will obtain a Chapter 7 bankruptcy discharge that covers your obligation under the note secured by the mortgage referred to above.  No efforts to collect any deficiency may be undertaken without bankruptcy court approval while a bankruptcy proceeding is pending.

JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC
Present holder of the mortgage
By its attorney,

*Harmon Law Offices, P. C.*

## PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.



Addressee: Carette Young, Executrix for the Estate of Carol Young a/k/a Carol M W Young a/k/a Carol M.W. Young

## NOTICE OF MORTGAGEE'S SALE OF REAL ESTATE

By virtue and in execution of the Power of Sale contained in a certain mortgage given by Carol M W Young, aka Carol M.W. Young, Trustee of the Carol Young Revocable Trust to JPMorgan Chase Bank, N.A., dated June 21, 2006 and recorded in the Norfolk County Registry of Deeds in Book 23807, Page 559 and as affected by a judgment dated June 6, 2023 and recorded with said Registry on June 22, 2023, in Book 41261, Page 528, of which mortgage the undersigned is the present holder, by assignment from:

JPMorgan Chase Bank, N.A. to Chase Home Finance LLC, recorded on August 20, 2010, in Book No. 27940, at Page 286

for breach of the conditions of said mortgage and for the purpose of foreclosing, the same will be sold at Public Auction at 10:00 AM on March 6, 2024, on the mortgaged premises located at 40 Homestead Avenue, Weymouth, Norfolk County, Massachusetts, all and singular the premises described in said mortgage,

TO WIT:

A certain parcel of land with the buildings and improvements thereon situated in Weymouth, Norfolk County, Massachusetts, being the Northerly half of Lot 13 on Plan entitled, "Hitchings Homesteads, Plan of Lots in Weymouth, Mass. dated December 26, 1937, Russell H. Whiting, C.E." recorded with Norfolk Deeds, Book 2170, Page 107, and also shown as Lot 13A on a revised plan of Hitchings Homestead, dated March 4, 1938, recorded with Norfolk Deeds, Book 2180, end, and bounded and described as follows:

NORTHERLY by Homestead Avenue, 184.23 feet;

NORTHEASTERLY by a curved line at the junction of Homestead Avenue and Hitchings Street, 24.31 feet;

EASTERLY by Hitchings Street, 84.23 feet;

SOUTHERLY by the remaining portion of Lot 13, as shown on said plan, 200 feet; and

WESTERLY by land now or formerly of Susan R. Worthen, as shown on said plan, 100 feet. Containing 19,921 Square feet of land, more or less.

For mortgagor's title see deed recorded with Norfolk County Registry of Deeds in Book 13851, Page 325.

These premises will be sold and conveyed subject to and with the benefit of all rights, rights of way, restrictions, easements, covenants, liens or claims in the nature of liens, improvements, public assessments, any and all unpaid taxes, tax titles, tax liens, water and sewer liens and any other municipal assessments or liens or existing encumbrances of record which are in force and are applicable, having priority over said mortgage, whether or not reference to such restrictions, easements, improvements, liens or encumbrances is made in the deed.

TERMS OF SALE:

A deposit of Ten Thousand ($10,000.00) Dollars by certified or bank check will be required to be paid by the purchaser at the time and place of sale. The balance is to be paid by

certified or bank check at Harmon Law Offices, P.C., 150 California St., Newton, Massachusetts 02458, or by mail to P.O. Box 610389, Newton Highlands, Massachusetts 02461-0389, within thirty (30) days from the date of sale.  Deed will be provided to purchaser for recording upon receipt in full of the purchase price.  The description of the premises contained in said mortgage shall control in the event of an error in this publication.

2725
9 of

       Other terms, if any, to be announced at the sale.

                        JPMORGAN CHASE BANK, N.A., SUCCESSOR
                        BY MERGER TO CHASE HOME FINANCE LLC
                        Present holder of said mortgage

                        By its Attorneys,
                        HARMON LAW OFFICES, P.C.
                        150 California St.
                        Newton, MA 02458
                        (617)558-0500
                        2010041643

## Certification Pursuant to
## Massachusetts 209 CMR 18.21A(2)(c)

272{
11 o

Mortgagor(s): Carol M W Young, aka Carol  M.W. Young, Trustee of the
Carol Young Revocable Trust

Mortgage Given To: JPMorgan Chase Bank, N.A.

Recording Date: June 26, 2006

Recorded At: recorded in the Norfolk County Registry of Deeds in Book
23807, Page 559,

Property Address: 40 Homestead Avenue, Weymouth, MA 02188

I, the undersigned, certify as follows:

1. I am a Vice President of JPMorgan Chase Bank, National Association ("Chase"), the
   servicer of the loan secured by the above-referenced property ("Mortgaged Property"). I
   am able to make this Certification based on personal knowledge and a review of certain
   records maintained by Chase in the ordinary course of business.

2. Because the Mortgagor(s) are in default on the terms and conditions of the above-
   referenced Mortgage ("Mortgage"), Chase has initiated foreclosure on the Mortgaged
   Poperty on behalf of JPMorgan Chase Bank, N.A., successor by merger to Chase Home
   Finance LLC.

3. JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC has the
   right to foreclose because it is:
   ( ) the owner of the Mortgage and the Note; or
   (✓) the owner of the Mortgage and the authorized agent of the owner of the Note, which is
   Federal National Mortgage Association.

4. A copy of the Note with all endorsements and/or allonges is included with this
   Certification.

5. From the date the Mortgage was recorded, the Mortgage has been assigned as follows:

1643

| Recorded Date | Name of Assignor | Name of Assignee |
|---|---|---|
| August 20, 2010 | JPMorgan Chase Bank, N.A. | Chase Home Finance LLC |

2725
13 o

JPMorgan Chase Bank, N.A.
Mortgage Servicer

By: _____

Name:   Nicole L. Smiley

Title:   Vice President

Date:   Jan 17, 2020

643

Reviewer ID: Nicole_Smiley_2020-01-17_12:52:5

# NOTE

June 21, 2006        Fall River                              MA
[Date]               [City]                                        [State]

40 Homestead Ave
Weymouth, MA 02188
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $295,000.00        (this amount is called "Principal"),
plus interest, to the order of the Lender. The Lender is
JPMorgan Chase Bank, N.A.
a bank which is organized and existing under the laws of the United States of America
I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is
entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly
rate of 7.375        %.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B)
of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payment on the  First       day of each month beginning on August 1st 2006       . I will
make these payments every month until I have paid all of the principal and interest and any other charges described below that I
may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest
before Principal. If, on  July 1, 2036       , I still owe amounts under this Note, I will pay those amounts in full on
that date, which is called the "Maturity Date."
I will make my monthly payments at JPMorgan Chase Bank, N.A., c/o Chase Home Finance, LLC
3415 Vision Drive, Columbus, OH 43219                 or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $ 2,037.50

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a
"Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a
payment as a Prepayment if I have not made all the monthly payments due under the Note.
I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my
Prepayment to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my
Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the
Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my
monthly payment unless the Note Holder agrees in writing to those changes.

2185

MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

-6N (0207)
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 3       Initials

Form 3200 1/01

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of Fifteen          calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 3.000          %·of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

Page 2 of 3

Form 3200 1/01

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
Carol Young, Individually
aka
CAROL M. W. YOUNG                 -Borrower

_____ (Seal)
Carol H W Young aka Carol Young   -Borrower
Trustee of The Carol Young Revocable Trust

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

Pay to the Order of:
Without Recourse
JPMorgan Chase Bank, N.A.
BY: _____ (Seal)
COURTNEY RUBEN / ASSISTANT SECRETARY   -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

Witness:
Wm. G. Kenney & Assoc., P.C.
By: _____

STEVEN M. DOWNEY
Notary Public
Commonwealth of Massachusetts
My Commission Expires
April 11, 2008

[Sign Original Only]

2185

MDD-5N 10/01                        Page 3 of 3                        Form 3200 1/01

Bk 23807 Pg552 #70641
06-26-2006 a 11:12a

## TRUSTEE'S CERTIFICATE

aka Carol M. W. Young

I, the undersigned, Carol Young, hereby certify as follows:

(1)   I am the sole Trustee of The Carol Young Revocable Trust u/d/t dated November 12, 1999 recorded with the Norfolk County Registry of Deeds in Book 13851, Page 320.

(2)   I have been directed by all of the beneficiaries of the trust to execute a promissory note in the name of the trust to JP Morgan Chase Bank, NA, in the amount of $295,000.00 and a mortgage to said JP Morgan Chase Bank, NA to secure said note on property at 40 Homestead Avenue, Weymouth, Norfolk County, Massachusetts as described in deed of Carol M. W. Young to Carol Young, Trustee of the Carol Young Revocable Trust dated November 12, 1999 recorded in Book 13851, Page 325.

(3)   Said trust has not been altered, amended or repealed but remains in full force and effect as of the date hereof.

Witness my hand and seal this 21st day of June, 2006.

<u>Carol Young</u>, Trustee of The
Carol Young Revocable Trust
*aka Carol M.W. Young

### COMMONWEALTH OF MASSACHUSETTS

Bristol, ss.                                              June 21, 2006

On this 21st day of June, 2006, before me, the undersigned notary public, personally appeared Carol Young,* proved to me through satisfactory evidence of identification, which was a *Massachusetts photo W. Card* to be the person whose name is signed on the preceeding document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of her knowledge and belief, and that she executed this certificate voluntarily for the stated purpose.
*aka Carol M. W. Young

<s>William G. Kenney</s>, Notary Public
My Commission Expires: <s>10/30/98</s>

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA

CERTIFY

*William P. O'Donnell*
WILLIAM P. O'DONNELL, REGISTER



STEVEN M. DOWNEY
Notary Public
Commonwealth of Massachusetts
My Commission Expires
April 11, 2008

Reviewer ID: Nicole_Smiley_2020-01-17_12:52:54

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                              NORFOLK SUPERIOR COURT

                                          Civil Action No.: <u>2482CV00034</u>

CARETTE YOUNG                    )
             Plaintiff           )
                                 )
v.                               )
                                 )
JPMORGAN CHASE BANK, N.A. )
             Defendant           )

NOTICE OF APPEARANCE

Now comes Donald C. Kupperstein to give notice of his appearance in the above captioned matter on

behalf of the Plaintiff, Carette Young.

                          Respectfully submitted,

                          /s/ Donald C. Kupperstein

                          Donald C. Kupperstein
                          BBO No. 543683
                          704 Foundry Street
                          South Easton, MA 02375
                          (508) 230-0363
                          dkupperstein@gmail.com

Dated: March 8, 2024

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                  NORFOLK SUPERIOR COURT

Civil Action No.: <u>2482CV00034</u>

CARETTE YOUNG                      )
          Plaintiff          )
                        )
v.                                        )          VERIFIED COMPLAINT AND
                        )          DEMAND FOR JURY TRIAL
JPMORGAN CHASE BANK, N.A. )
          Defendant      )

## INTRODUCTION

This is an action brought by Carette Young ("Carette") against JPMORGAN CHASE BANK, NA. ("Chase") for financial exploitation of an elderly person. Financial Exploitation of the elderly is a crime in Massachusetts, but there is no private right to redress. A victim of the exploitation seeks redress by suing the fraudster for its unfair and deceptive acts and practices in trade or commerce.

Carette seeks damages, treble damages and counsel fees pursuant to M.G.L. c. 93A, §§ 2 and 9, the Massachusetts Consumer Protection Act.

## PARTIES

1.     Plaintiff Carette Young ("Carette") is a Massachusetts citizen living in Weymouth, Norfolk County, Massachusetts.

2.     Defendant JCMORGAN CHASE Bank, N.A (Chase"), is a National Association with a principal place of business at 3415 Vision Drive, Columbus, Ohio 43219.

JURISDICTION AND VENUE

3.     Jurisdiction is appropriate in this court, because the amount in controversy exceeds $25,000.00

and the Plaintiff lives in Norfolk County.     Venue is appropriate because Chase sued Carette in Norfolk

Superior Court in 2020, thereby waiving any protection regarding venue that National Associations

might enjoy under federal law.

FACTS

4.     On March 17, 2020, Chase sued Carette in Norfolk County Court Case No. 2082CV000312.

5.     In that suit, Chase let slip that it had materially falsified a promissory note.

6.     The effect of the falsification was to make it appear that Carette's mother personally owed

money to Chase.

7.     Carette's mother, as trustee of a true discretionary trust applied to Chase to refinance the trust's

mortgage loan. Chase approved the trust's loan request in May, 2006. When closing papers were

prepared, a copy of the promissory note  and the mortgage were sent to Carette's mother.  A few days

later, a notary public appeared at her home to obtain her signature on several documents, which

included the aforementioned note and mortgage, and a trustee's certificate.  The notary took the signed

and witnessed documents with him.

8.     To defraud Carette's mother, Chase forged the mother's name on the promissory note.

The mortgage and the trustee's certificate were recorded with the Norfolk County Registry of Deeds on

June 26, 2006.  The promissory note was not recorded.  Carette's mother had no opportunity to know

that Chase had falsified the promissory note by adding her name to the promissory note.  This

falsification made it appear that Carette's mother was personally liable on the mortgage debt.  In truth,

Carette's mother was never personally obligated to Chase.

9.     In 2006, when the falsification occurred, Carette's mother was 96 years old.

10.     Chase kept secret what it had done until March 17, 2020.

11.     After Carette's mother passed away in 2009, Chase aggressively sought to collect on the falsified debt instrument from Carette's mother; from Carette's probate estate; and ultimately, from Carette.

12.     Carette had no way to know that her mother's name had been forged by Chase.

13.     In answering Chase's March 17, 2020 law suit against her, Carette defended by stating that Chase had materially falsified the promissory note document, and that no law suit can be brought on the basis of a falsified document.

14.     The gist of Chase's argument was that even though it had falsified the promissory note, it was too late now for Carette to complain about it.   It was beyond the Statute of Limitations….the time when an injured party can sue.

15.     Under Massachusetts law, the clock begins to run on the Statute of Limitations when the injured party, Carette, first discovers or should have discovered the fraudulent conduct.

16.     There is no way that Carette could had known about the falsified promissory note before March 17, 2020.

18.     Chase hid the truth from her.

19.     In fact, Chase sent Carette a series of documents which falsely stated that Chase had rights against Carette's mother; against the probate estate of Carette's mother, and, if Carette would not pay her mother's debt, Chase would take Carette's house.

20.     Carette is more than 80 years old.

21.     Massachusetts recognizes the vulnerability of elderly persons to scams and other attempts to defraud them.

22.     Massachusetts passed some laws and created an Executive Office of Elder Affairs specifically to protect the elderly from elder abuse and financial exploitation such as Chase has employed against Carette.

23.     Chase emotionally abused Carette.

24.     Emotional Abuse is defined by the Commonwealth of Massachusetts as:

> "Any intentional act or omission, including but not limited to verbal abuse, confinement, isolation, humiliation, intimidation or any other act or omission that:
>
> (a) results in significant harm to the emotional state, Decisional Capacity or Functional Capacity of an Elder; or
>
> (b) creates a reasonable risk of significant harm to the emotional state, Decisional Capacity or Functional Capacity of an Elder.

25.     Chase financially exploited Carette.

26.     Financial Exploitation is defined by the Commonwealth of Massachusetts as

> "An intentional act or omission by another person, without the consent of the Elder, which causes substantial monetary or property loss to the Elder or substantial monetary or property gain to the other person which gain would otherwise benefit the Elder, but for the act or omission of the other person. Financial exploitation may result from consent obtained as a result of misrepresentation, undue influence, coercion or threat of force by the other person. Financial exploitation may not result from a bona fide gift or from any act or practice by another person in the conduct of a trade or commerce prohibited by M.G.L. c. 93A, § 2."

27.     In 2023, Carette wrote a letter to Chase  (sometimes called a 93A Demand Letter) to give Chase an opportunity to make a reasonable offer of settlement before she would bring this lawsuit.

28.     Chase failed or refused to make a reasonable offer.

29.     The time for making a reasonable offer having expired, Carette brings this suit to be compensated for the injury to her directly and foreseeably resulting from Chase's conduct.

30.     A true copy of the Demand Letter and a true copy of Chase's response are attached to this

Complaint and are made a part hereof.

31.     Carette suffered injury directly attributable to Chase's falsification of a promissory note and

Chase's subsequent acts to collect upon said falsified promissory note, and through false statements

made by Chase subsequent to falsification of the promissory note.

32.     That injury includes but is not limited to loss of sleep, anxiety, depression, fatigue, confusion,

nervousness, distrust of others, and paranoia.

33.     This court and/or a jury have reasonable cause to believe Carette.

34.     Massachusetts law defines such reasonable cause to believe as:

   "A basis for judgment that rests on specific facts, either directly observed or obtained from
   reliable sources, that supports a belief that it is more probable than not that a particular event
   took place or a particular condition exists."  561 CMR 5.02

35.     Carette has asked the Executive Office of Elder Affairs to investigate what Chase did, and to

assess, qualify and quantify her injuries attributable to Chase's conduct.

WHEREFORE Carette prays that this honorable court and/or a jury will compensate her for the injuries

sustained in an amount no less than $75,000.00;

to treble said amount and to award her reasonable attorneys fees;

to order Chase to stop trying to take away her house through foreclosure of otherwise;

to recognize that by the act of materially altering a promissory note, Chase became the promissor and

material falsification of a negotiable instrument with the intention to defraud puts Chase alone in the

position of being the borrower;

and for such other and further relief this court and/or a jury deems appropriate, mete, and just.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

/s/ Carette Young

Carette Young
Pro Se
40 Homestead Avenue
Weymouth, MA 02188
(617)XXX-XXXX

## VERIFICATION

I, Carette Young, hereby verify that the allegations set out in this verified complaint are true and that the documents attached to the complaint are true and accurate copies of the originals, except that any copies of promissory notes are falsified documents.

Sworn upon penalties of perjury on December 29, 2023 at Weymouth, Massachusetts.

/s/ Carette Young