United States District Court
District of Massachusetts

|  |  |
|---|---|
| Carette Young, <br><br> Plaintiff, <br><br> v. <br><br> JPMorgan Chase Bank, N.A., <br><br> Defendant. | Civil Action No. <br> 24-CV-10888-NMG |

MEMORANDUM & ORDER

GORTON, J.

This case arises from a long-running dispute between plaintiff Carette Young ("plaintiff" or "Young") and defendant JPMorgan Chase Bank, N.A. ("defendant" or "Chase") over the right of Chase to execute a foreclosure sale of Young's real property. Over the course of more than a decade, Young has challenged, in state court, land court and bankruptcy court, the validity of the promissory note securing the mortgage. Chase ultimately conducted the sale in March, 2024.

Plaintiff subsequently filed a three-count complaint in the Massachusetts Superior Court for Norfolk County alleging that Chase forged the signature of Young's mother on the promissory note and thereby committed fraud by utterance, emotional abuse

-1-

and financial exploitation. Defendant removed the action to this Court and now moves to dismiss all claims (Docket No. 5). Plaintiff, in turn, moves to strike the motion to dismiss (Docket No. 10).

## I. Background

According to the complaint, Young's mother, Carol Young ("Carol"), in her role as trustee of the Carol Young Revocable Trust ("the Trust"), applied to Chase to refinance a mortgage loan on property located at 40 Homestead Avenue in Weymouth, Massachusetts ("the Premises"). Carol signed the promissory note on behalf of the Trust. The complaint alleges that Chase then forged Carol's name and signature on the note such that Carol became personally liable for the mortgage debt, without Carol's knowledge or consent. After Carol's death in 2009, Chase sought to collect on the balance due on the mortgage note.

The complaint jumps forward a decade to March, 2020, when Chase sued plaintiff in Massachusetts Superior Court to enforce the promissory note. Plaintiff claims that during that litigation Chase "let slip" that it had falsified Carol's signature on the promissory note. Precisely how Chase let such information "slip" is not explained.

The defendant, in its motion to dismiss and attached exhibits, completes the chronology that is missing from

plaintiff's recitation of the facts.[1]  In June, 2006, after the promissory note was executed, Carol transferred title of the mortgaged property to Young by quitclaim deed.  In December, 2011, Chase attempted to conduct a non-judicial foreclosure.  Young sued, challenging the validity of the sale and the underlying promissory note.  In December, 2015, the parties settled that lawsuit and filed a stipulation of dismissal with prejudice.  As part of the terms of the settlement, Young expressly agreed to vacate the Premises and "not interfere in any way with [the] anticipated foreclosure sale."

In August, 2017, in a purported violation of the settlement agreement, plaintiff signed an affidavit claiming to "clarify title" to the Premises which she had recorded in the chain of title.  Chase sued plaintiff, seeking a declaratory judgment to vacate the recorded affidavit and plaintiff counterclaimed, interposing multiple affirmative defenses.

The Massachusetts Superior Court granted Chase's motion for summary judgment on all claims, finding that Young's affidavit had been "designed" to prevent a foreclosure sale by "create[ing] a cloud on title to the [p]roperty."  Young sought to transfer the action to Land Court but that effort was thwarted because there

---

[1] This Court must accept as true any uncontested facts put forward by defendant in addition to those alleged in the complaint. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 51 (1st Cir. 2002).

was no outstanding title dispute for the Land Court to resolve. In October, 2022, judgment was entered against Young.

Between June, 2023, and February, 2024, Young filed a flurry of claims in Massachusetts state court challenging the validity of the promissory note and seeking to stay the foreclosure sale. She also filed a petition under Chapter 7 for voluntary bankruptcy, thereby briefly imposing an automatic stay on the sale. The courts ruled against Young every time and the foreclosure sale was finally consummated in March, 2024.

Five days later, Young filed the instant complaint in state court as described above. Chase removed the action to federal court and moved to dismiss all claims against it, insisting that: (1) Young waived and released all claims against Chase arising out of the promissory note in their 2015 settlement agreement; (2) res judicata bars Young from relitigating the claims already decided in state court; and (3) each of the claims is meritless and time-barred.

Plaintiff, in turn, has moved for this Court to strike defendant's motion to dismiss, in whole or in part, on the grounds that: defendant was already in default before removing the case to federal court, defendant violated this Court's local rules in filing its dispositive motion and the motion raises issues immaterial to the action.

## II. **Motion to Strike**

### a. **Legal Standard**

Fed. R. Civ. P. 12(f) provides that a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Striking pleadings or portions thereof is

> disfavored in practice . . . because [it] is a drastic remedy . . . often sought by the movant simply as a dilatory or harassing tactic.

Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 59 (1st Cir. 2013) (internal quotation marks omitted). Striking pleadings is warranted only if prejudice would result should the offending material remain. Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 182 F.R.D. 386, 398 (D.R.I. 1998). It is the moving party's burden both to identify the portions of the pleading that ought to be stricken and to explain why. See Berke v. Presstek, Inc., 188 F.R.D. 179, 180 (D.N.H. 1998).

### b. **Application**

Plaintiff maintains that Chase did not file an answer in state court before the deadline necessary to defend itself against plaintiff's claims and thus was already in default at the time of removal. She also contends that defendant did not meet and confer with plaintiff's counsel prior to filing its motion and that defendant included "irrelevant and impertinent" information in its motion.

Defendant responds, as a preliminary matter, that Rule 12(f) is inapplicable to motions to dismiss under Fed. R. Civ. P. 7. Rule 12(f) states, in relevant part:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

The First Circuit has not ruled on whether the term "pleadings" encompasses motions to dismiss but even if such a motion can be stricken, this Court will decline to do so because plaintiff has failed to articulate any legitimate basis for granting such an extreme remedy.

First: defendant is not in default. Plaintiff herself admits that her motion for entry of default in the state court was denied and, although she indicated that she would file such a request in this Court, she has not done so. Her argument is unavailing.

The parties next quibble over whether defense counsel made sufficient efforts to "meet and confer" with plaintiff's counsel prior to filing the motion to dismiss. This is immaterial. Even if defendant failed to satisfy the requirements of Local Rule 7.1, it does not warrant striking the motion wholesale. See also Gerakaris v. Champagne, 913 F. Supp. 646, 651 (D. Mass. 1996) ("[W]hile a litigant's failure to observe the Local Rules invites sanctions, omitting to confer prior to filing a motion

certain to be opposed does not warrant so severe a sanction as summary denial."). It is also worth noting that plaintiff herself failed to comply with the very same local rule by not meeting and conferring with defendant before filing her motion to strike (contained within her opposition to the motion to dismiss).

Next, plaintiff's vague allusion to the existence of "immaterial and impertinent" information that should be stricken is not specific enough to satisfy plaintiff's obligation "at least to identify the . . . statements that are the object of [her] ire." Vincent v. Town of Scarborough, No. 02-239-P-H, 2003 WL 22757940, at *7 (D. Me. Nov. 20, 2003). Plaintiff cannot avoid her burden by promising to name the mysterious objectionable information at a future hearing on the matter.

Plaintiff has not demonstrated, nor can this Court discern, any grounds that justify striking defendant's motion to dismiss, either in whole or in part.

### III. Motion to Dismiss

#### a. Legal Standard

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the subject pleading must state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the "court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678). The reviewing court "may not disregard properly pleaded factual allegations even if actual proof of those facts is improbable." Ocasio-Hernandez, 640 F.3d at 12.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011). A court also may not disregard properly pled factual allegations even if "actual proof of those facts is improbable." Ocasio-Hernandez, 640 F.3d at 12 (quoting Twombly, 550 U.S. at 556).

    b. **Application**

Count I, alleging that Chase "emotionally and psychologically abused" Young, and Count II, alleging that Chase "financially exploited" her, cite only the Massachusetts Elder Protection Statute, M.G.L. c.19A, § 14, as a basis for the

claims. Plaintiff herself concedes that the statute contains no private right of action and there ends the inquiry. A civil complaint cannot survive if its claims are based upon a statute with no private right of action. See, e.g., Frazier v. Fairhaven Sch. Comm., 122 F. Supp. 2d 104 (D. Mass. 2000) (dismissing claims under a separate Massachusetts state law due to a lack of a private right of action); Rodolakis v. Safety Ins. Co., 327 F. Supp. 3d 274 (D. Mass. 2018) (same).

Contrary to defendant's willingness to do so, this Court declines to construe Count I of the complaint to assert an implicit common-law claim of intentional infliction of emotional distress. Plaintiff is represented by counsel and this Court need not apply a liberal construction to the filing, let alone "act as counsel . . . [by] rewrit[ing] deficient pleadings." Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 Fed. Appx. 274, 276-77 (11th Cir. 2008). Young's attorney is presumed capable of asserting all claims available to his client without the Court's speculation as to others.

Finally, Count III alleges that Chase committed fraud by utterance, in violation of M.G.L. c.267, § 5. Fraud by utterance is a criminal offense that does not support a civil cause of action. Saris v. Flagstar Bank, 397 F. Supp. 3d 110,

112 (D. Mass. 2019), aff'd, No. 19-1917, 2020 WL 5588646 (1st Cir. Sept. 10, 2020).

None of the three claims states a viable basis for relief. This Court therefore declines to address the affirmative defenses of waiver, res judicata, and timeliness.

### ORDER

For the foregoing reasons, plaintiff's motion to strike (Docket No. 10) is **DENIED** and defendant's motion to dismiss (Docket No. 5) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 13, 2024